IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02024-PAB-BNB

CYNTHIA MARIE MATTSON,

Plaintiff,

v.

JANET NAPOLITANO, Secretary of the Department of Homeland Security,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion to Dismiss Plaintiff's Title VII Complaint** [Doc. #12, filed 12/04/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed a Title VII Complaint on August 26, 2009 [Doc. #2] (the "Complaint").  The Complaint is not a model of clarity.  The defendant asserts, and the plaintiff does not dispute, that she is employed as a Transportation Security Officer by the Transportation Security Administration ("TSA").  The plaintiff alleges that she has suffered gender and disability dicrimination; the defendant discriminated against her by failing to hire and promote her and by creating a hostile work environment; and the plaintiff has been retaliated against for filing a previous complaint of discrimination.  *Complaint*, p. 2.  She brings her claims under Title VII and the Americans With Disabilities Act ("ADA").  Id. at p. 1.

The Complaint asserts three claims for relief.  Claim One states:[1]

> I complained about adverse treatment and officially opposed it in court.  Job performance has been affected & I have been threatened, punished w/ increase surveillance.  I had ethical, financial concerns regarding other female co-workers behavior and how they have been promoted.

Id. at p. 3.

In Claim Two, the plaintiff alleges:

> Refusing to accomodate the medical injury (neck) through a shift change was reasonable.  I did not ask for a permanent shift change.  (6 months max.).
>
> Another injury developed in July, 2007.  My shoulder is a 2% use and awaits surgery from OWCP.  I have been subjected to defamation of character and damage to my professional reputation w/ TSA.  I have been punished for standing up for my rights.

---

[1] I quote the plaintiff's filings as written, without correction or acknowledgment of error.

> TSA is interfering with my health and well-being forcing me to
> quit the job through adverse action and violation of OWCP laws
> affecting my working conditions at Denver International Airport.
>
> I am being denied fair treatment; all reasonable ethical
> considerations of a human being.
>
> Medical bills and reasonable care is still required. I do not need to
> be retaliated for trying to stand up for myself or talk about my
> injuries, my managerial treatment or my fears.

Id. at p. 4.

Claim Three states:

> Lack of promotion, training and opportunity. Ignored in the hiring
> pool.

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

The defendant asserts that the court lacks jurisdiction over the plaintiff's claims for failure to promote/train/hire and her claim for disability discrimination regarding a shoulder injury because she has not exhausted her administrative remedies. *Motion*, pp. 6-7.

The defendant presents a factual challenge to subject matter jurisdiction. Therefore, I do not presume the truthfulness of the factual allegations in the Complaint. Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

As a preliminary matter, section 501 of the Rehabilitation Act provides a federal employee's exclusive remedy for employment discrimination based on a disability. Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996). See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1477 (10th Cir.1988); Coleman v. Darden, 595 F.2d 533, 538 (10th Cir.1979).

4

The Rehabilitation Act extends the "remedies, procedures and rights" available under Title VII, 42 U.S.C. § 2000e-16, to federal employees with disability discrimination claims. 29 U.S.C. § 794a(a)(1). Liberally construed, the Complaint's disability claims are asserted pursuant to the Rehabilitation Act, not the ADA.

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing an action in federal court under both Title VII and the Rehabilitation Act. Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997). To exhaust administrative remedies, a putative plaintiff must present her claim to the Equal Employment Opportunity Commission ("EEOC") in a timely-filed charge of discrimination for which she receives a right-to-sue letter. Simms v. Oklahoma ex. rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). "Each discrete incident of [discriminatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." Martinez v. Potter, 347 f.3d 1208, 1210 (10th Cir. 2003).

"The party seeking to invoke the jurisdiction of a federal court must prove that the case is within the court's subject matter." Henry v. Office of Thrift Supervision, 43 F.3d 507, 512 (10th Cir. 1994).

On April 25, 2007, the plaintiff submitted to the EEOC a complaint alleging that TSA discriminated against her when she was denied a shift change on the basis of age, gender, disability related to a neck injury,[2] and retaliation for prior EEO activity. *Motion*, Ex. A-1, pp. 4-

---

[2] The plaintiff acknowledges that her neck injury is separate from her shoulder injury. *Complaint*, p. 4. Her neck injury occurred in 2002, *Response*, p. 19, and her shoulder injury developed in July 2007. *Complaint*, p. 4.

5, 7 (n.1).³  It is undisputed that the plaintiff exhausted her administrative remedies as to these claims.

The plaintiff states that she "reported shoulder pain" in July 2007, and "[s]houlder pain is mentioned on page 00252" of the EEOC investigative case file.  *Plaintiff's Response to Motion to Dismiss* [Doc. #18] (the "Response"), pp. 14, 18.  However, she does not submit any evidence to demonstrate she presented to the EEOC a claim that she was discriminated against because of a disability related to a shoulder injury.  The plaintiff also states that because of her shoulder injury, she cannot "obtain colleral duty experiences, aid in training or developing skills to teach others, seek a promotion, obtain significant bonus money, or work overtime," but she does not provide any evidence to show that she presented to the EEOC claims that she was discriminated against when defendant failed to promote, train, or hire her.

The plaintiff has failed to meet her burden to show that she exhausted her claims for failure to promote/train/hire and her claim for disability discrimination regarding a shoulder injury.  Accordingly, the court does not have subject matter jurisdiction over these claims.  The Motion should be granted to the extent it seeks dismissal of the plaintiff's claims for failure to promote/train/hire and her claim for disability discrimination regarding a shoulder injury.

### B.  Failure to State a Claim Upon Which Relief Can be Granted

The plaintiff's remaining claim is that TSA discriminated against her when she was denied a shift change on the basis of gender, disability related to a neck injury, and retaliation for prior EEO activity.  The defendant asserts that the plaintiff fails to state a claim upon which

---

³I cite to the pages of the defendant's exhibits as they are assigned by the court's docketing system.

relief can be granted because she does not plead facts alleging a *prima facie* claim for discrimination. *Motion*, p. 10.

The United States Supreme Court has stated:

> The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement. In McDonnell Douglas, this Court made clear that the critical issue before us concerned the order and allocation *of proof* in a private, non-class action challenging employment discrimination. In subsequent cases, this Court has reiterated that the prima facie case relates to the employee's burden of presenting evidence that raises an inference of discrimination. . . .
>
> This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater particularity because this would too narrowly constrict the role of pleadings.

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002) (emphasis in original) (internal quotations and citations omitted).

The Court went on to state that it would be inappropriate to require a plaintiff to plead facts establishing a *prima facie* case because (1) the McDonnell Douglas framework does not apply in every employment discrimination case; (2) the requirements of a *prima facie* case can vary depending on the context of the case; (3) it may be "difficult to define the precise formulation of the required prima facie case" prior to discovery; and (4) a heightened pleading standard would conflict with the Federal Rules of Civil Procedure. Id. at 512-14.

Although a plaintiff is not required to plead facts establishing a *prima facie* case, the Complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

7

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies. Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citations omitted except as noted).

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the Complaint if devoid of factual detail.[4] The plaintiff's sparse allegations regarding the remaining claims are an unintelligible and garbled collection of conclusory statements. Accordingly, the Motion should be granted insofar as it seeks dismissal of plaintiff's claim for discrimination on the basis of gender, disability related to a neck injury, and retaliation.[5]

**IV. CONCLUSION**

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[4] In her Response, the plaintiff makes additional allegations regarding her claims. The plaintiff may not amend her Complaint in this manner.

[5] Because I find that the plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief can be granted, I do not address the defendant's remaining arguments.

Dated July 22, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge