IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02024-PAB-BNB

CYNTHIA MARIE MATTSON,

    Plaintiff,

v.

JANET NAPOLITANO,
Secretary, Department of Homeland Security,

    Defendant.

---

# ORDER

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 24] filed by Magistrate Judge Boyd N. Boland on July 22, 2010. Magistrate Judge Boland recommends that the Court grant defendant's motion to dismiss [Docket No. 12] plaintiff's complaint [Docket No. 2]. Plaintiff filed timely objections to the Recommendation on September 7, 2010 [Docket No. 27]. *See* August 11, 2010 Minute Order [Docket No. 26] (extending plaintiff's deadline for serving written objections to the Recommendation to September 7, 2010). Therefore, the Court will apply *de novo* review, *see* Fed. R. Civ. P. 72(b), and will construe plaintiff's filings liberally in light of her pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    Plaintiff invokes Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* She alleges that the Transportation Safety Administration ("TSA"), where she works as a security

screener, failed to promote and train her and created a hostile work environment on account of her gender and disabilities arising from a 2002 neck injury and a 2007 shoulder injury. She further alleges that she suffered retaliation on account of complaining of such discrimination.

As Magistrate Judge Boland found, plaintiff's claims regarding failure to promote and train as well as her allegations regarding a failure to accommodate her shoulder injury must be dismissed for failure to exhaust administrative remedies. Furthermore, plaintiff may not bring a claim alleging a failure to accommodate her disabilities, regardless of whether they are due to the neck or shoulder injury. In her complaint, plaintiff invoked the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The Recommendation pointed out that the Rehabilitation Act, *see* 29 U.S.C. § 791, rather than the ADA, applies to federal employees. The Recommendation therefore liberally construed plaintiff's complaint as asserting her disability claims pursuant to the Rehabilitation Act. The TSA is not bound by the Rehabilitation Act when making employment decisions regarding security screeners. *See* 49 U.S.C. § 44935 ("Notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code."); *Castro v. Secretary of Homeland Security*, 472 F.3d 1334, 1337 (11th Cir. 2006) ("[T]he 'notwithstanding' language of section 44935(e) and the note to the statute indicate that TSA shall implement hiring standards and conditions of employment (including physical

standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act."); *Tucker v. Ridge*, 322 F. Supp. 2d 738, 742 (E.D. Tex. 2004); *Daniels v. Chertoff*, No. CV 06-2891-PHX-JAT, 2007 WL 1140401, at *5 (D. Ariz. Apr. 17, 2007); *cf. Conyers v. Rossides*, 558 F.3d 137, 144-45 (2d Cir. 2009). Therefore, plaintiff's claim that the TSA did not accommodate her disabilities will be dismissed.

Moreover, plaintiff's allegations regarding gender discrimination and retaliation fail to state a claim. Indeed, in regard to all of plaintiff's claims, her complaint contains virtually no factual allegations. Rather, it consists almost exclusively of a few conclusory contentions. In response to the Recommendation's discussion of this pleading deficiency, plaintiff asks the Court, when determining the sufficiency of her complaint, to consider the factual content she included in her response to defendant's motion to dismiss [Docket No. 18]. As Magistrate Judge Boland pointed out, however, the "plaintiff may not amend her Complaint in this manner." Docket No. 24 at 9 n.4. Even if the Court were to construe plaintiff's objections as a request for leave to amend her complaint, the factual material she references does not clearly support viable claims for relief. In short, because plaintiff has failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), her complaint fails to state any claim for which relief may be granted.

Therefore, it is

standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act."); *Tucker v. Ridge*, 322 F. Supp. 2d 738, 742 (E.D. Tex. 2004); *Daniels v. Chertoff*, No. CV 06-2891-PHX-JAT, 2007 WL 1140401, at *5 (D. Ariz. Apr. 17, 2007); *cf. Conyers v. Rossides*, 558 F.3d 137, 144-45 (2d Cir. 2009). Therefore, plaintiff's claim that the TSA did not accommodate her disabilities will be dismissed.

Moreover, plaintiff's allegations regarding gender discrimination and retaliation fail to state a claim. Indeed, in regard to all of plaintiff's claims, her complaint contains virtually no factual allegations. Rather, it consists almost exclusively of a few conclusory contentions. In response to the Recommendation's discussion of this pleading deficiency, plaintiff asks the Court, when determining the sufficiency of her complaint, to consider the factual content she included in her response to defendant's motion to dismiss [Docket No. 18]. As Magistrate Judge Boland pointed out, however, the "plaintiff may not amend her Complaint in this manner." Docket No. 24 at 9 n.4. Even if the Court were to construe plaintiff's objections as a request for leave to amend her complaint, the factual material she references does not clearly support viable claims for relief. In short, because plaintiff has failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), her complaint fails to state any claim for which relief may be granted.

Therefore, it is

ORDERED that, to the extent described above, the Recommendation of United States Magistrate Judge [Docket No. 24] is accepted. It is further

ORDERED that plaintiff's complaint is dismissed in its entirety. Judgment shall enter in favor of defendant and against plaintiff.

DATED September 15, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge